UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHANSE T. STARR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:16 CV 15 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Chanse T. Star, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his conviction for Criminal Confinement and the 8 year sentence imposed by the Allen Superior Court on April 26, 2002,[*] under cause number 02D04-0201-FD-10. (DE # 1 at 1.) To obtain habeas corpus relief, a petitioner must be "in custody." 28 U.S.C. § 2254(a). This requires that the "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). Attached to his petition are two Indiana Department of Correction documents which were printed on October 29, 2014. Both show that this sentence was discharged on January 29, 2011. (DE # 1-1 at 10, 11.) Starr argues that he should have been released sooner, but that is not relevant to the issue here. By the time he filed this petition, he had already been released from custody on this sentence.

---

[*] On his petition Starr wrote the date "4/26/2012." (DE # 1 at 1.) However, it is clear that is a scrivener's error and the correct date is April 26, 2002, because that is the date listed on three Official Indiana Department of Correction documents that Starr attached to his petition. (DE # 1-1 at 10, 11, 18.) It is also the date he included in his attached narrative description of his criminal history. (DE # 1-1 at 1.)

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* Starr was not in custody on the charges he is attempting to challenge in this habeas corpus petition. There is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Therefore a certificate of appealability must be denied.

For these reasons, the habeas corpus petition is **DISMISSED** and a certificate of appealability is **DENIED**.

                                             **SO ORDERED.**

Date: February 19, 2016

                                   s/ James T. Moody  
                                   JUDGE JAMES T. MOODY  
                                   UNITED STATES DISTRICT COURT